# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID SCHWARTZ, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case 1:17-cv-1663-DAP |
| | ) ) | Judge Polster |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SPARTON CORPORATION, et al. | ) ) ) | |
| Defendants. | ) ) | |
| HENRY JACOBS, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case 1:17-cv-1731-DAP |
| | ) ) | Judge Polster |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SPARTON CORPORATION, et al. | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| LOUIS SCARANTINO, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No. 1:17-cv-1741-DAP |
| | ) | |
| Plaintiff, | ) | Judge Polster |
| v. | ) | |
| | ) | |
| SPARTON CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RYAN SHEAHEN, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No. 1:17-cv-1742-DAP |
| | ) | |
| | ) | Judge Polster |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SPARTON CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

2

## JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFFS' VOLUNTARY DISMISSAL OF THE ACTIONS AND RETENTION OF JURISDICTION

**WHEREAS**, on July 11, 2017, Sparton Corporation ("Sparton" or the "Company") announced that it had entered into a definitive merger agreement on July 7, 2017 (the "Merger Agreement"), pursuant to which Ultra Electronics Holdings plc ("Ultra"), would purchase all of the issued and outstanding shares of Sparton common stock for $23.50 per share (the "Merger" or "Proposed Transaction");

**WHEREAS**, on August 4, 2017, Sparton filed a preliminary proxy statement (the "Preliminary Proxy") with the SEC in connection with the Proposed Transaction;

**WHEREAS**, on August 8, 2017, Plaintiff David Schwartz, a Sparton shareholder, filed a Class Action Complaint in the above captioned action (the "Schwartz Action"), alleging Defendants violated Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), by causing the allegedly materially incomplete and misleading Proxy Statement to be filed with SEC and disseminated to shareholders in connection with the Merger;

**WHEREAS**, on August 17, 2017, in Case No. 1:17cv1731-DAP, Plaintiff Henry Jacobs filed a class action complaint for violation of Sections 14(a) and 20(a) of the Exchange Act (the "Jacobs Action"), asserting similar claims against the same or substantially the same defendants as the Schwartz Action;

**WHEREAS**, on August 18, 2017, in Case No. 1:17cv1741-DAP, Plaintiff Louis Scarantino filed a class action complaint for violation of Sections 14(a) and 20(a) of the Exchange Act (the "Scarantino Action"), asserting similar claims against the same or substantially the same defendants as the Schwartz and Jacobs Actions, except Ultra and Merger Sub were named as additional defendants;

3

**WHEREAS**, also on August 18, 2017, in Case No. 1:17cv1742-DAP, Plaintiff Ryan Sheahen filed a class action complaint for violation of Sections 14(a) and 20(a) of the Exchange Act (the "Sheahen Action"), asserting similar claims against the same or substantially the same defendants as the Schwartz, Jacobs, and Scarantino Actions (for purposes of this Stipulation, "Defendants" shall include all the defendants in the Schwartz Action, the Jacobs Action, the Scarantino Action, and the Sheahen Action);

**WHEREAS**, following the commencement of the Schwartz, Jacobs, Scarantino, and Sheahen Actions (collectively, the "Actions"), counsel for the parties to the Actions (the "Parties") engaged in arm's-length discussions and negotiations concerning various supplemental disclosures that Plaintiffs and their respective counsel demanded for inclusion in a supplement to the Preliminary Proxy (the "Supplemental Disclosures");

**WHEREAS**, on August 29, 2017, Sparton filed with the SEC a Definitive Proxy Statement containing the supplemental disclosures agreed to by the Parties (the "Definitive Proxy");

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures were material and mooted the meritorious claims set forth in the complaints filed in the respective Actions;

**WHEREAS**, on August 30, 2017, pursuant to the Parties' Joint Motion to Consolidate Related Cases, the Court, among other things, consolidated the Actions;

**WHEREAS**, Plaintiffs assert that the prosecution of the Actions caused Defendants to incorporate the Supplemental Disclosures into the Definitive Proxy and that Plaintiffs' counsel may assert a claim for attorneys' fees and expenses in connection with the common benefit provided to Sparton stockholders as a result of the filing of the Definitive Proxy, and Plaintiffs' counsel have informed Defendants that Plaintiffs intends to petition the Court for such fees and

4

expenses if their claim cannot be resolved through negotiations between counsel for Plaintiffs and defendants ("Fee and Expense Application");

**WHEREAS**, no negotiations whatsoever regarding Plaintiffs' claim for attorneys' fees and expenses have occurred to date; and

**WHEREAS**, defendants assert that the Supplemental Disclosures were not material and did not require disclosure, deny any claim in the Actions is or was meritorious, deny and all wrongdoing, and reserve all rights, arguments and defenses, including the right to oppose, in whole or in part, any claim by Plaintiff for attorneys' fees and expenses relating to the Actions;

**WHEREAS**, the Parties intend to meet and confer concerning Plaintiffs' claim for attorneys' fees and expenses, and, if the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee and Expense Application; and

**WHEREAS**, no class has been certified in the Actions, and Plaintiffs have not sought certification of any class in the Actions.

**IT IS HEREBY ORDERED** this __5__ day of __Sept.__ 2017 that:

1. The Actions shall be dismissed, and the claims asserted therein shall be dismissed with prejudice as to Lead Plaintiffs, including Plaintiffs David Schwartz, Henry Jacobs, Louis Scarantino, and Ryan Sheahen, and without prejudice as to unnamed members of the putative class.

2. Because the dismissal is with prejudice as to the named Plaintiffs only, and not on behalf of a putative class, and no class has been certified, notice of this dismissal is not required.

3. This Court retains continuing jurisdiction over the parties in the Actions solely for purposes of any potential further proceedings related to the adjudication of the Fee and Expense Application, should such an application become necessary.

4. The parties shall meet and confer concerning Plaintiffs' claim for attorneys' fees and expenses. To the extent that the parties are unable to reach an agreement concerning Plaintiffs' claim for attorneys' fees and expense, they will contact the Court to set a stipulated briefing and hearing schedule with respect to the Fee and Expense Application. If the parties reach an agreement concerning Plaintiffs' claim for attorneys' fees and expenses, they will notify the Court.

5. This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiffs or Defendants in support of or in opposition to any claim by Plaintiffs for attorneys' fees and expenses.

Dated: September 1, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ John C. Camillus
　　　　　　　　　　　　　　　　　　　　　　John C. Camillus (0077435)
　　　　　　　　　　　　　　　　　　　　　　jcamillus@camilluslaw.com
　　　　　　　　　　　　　　　　　　　　　　**Law Office of John C. Camillus, LLC**
　　　　　　　　　　　　　　　　　　　　　　P.O. Box 141410
　　　　　　　　　　　　　　　　　　　　　　Columbus, Ohio 43214
　　　　　　　　　　　　　　　　　　　　　　Telephone: 614.558.7254
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 614.559.6731

　　　　　　　　　　　　　　　　　　　　　　*Local Counsel for Plaintiffs*
　　　　　　　　　　　　　　　　　　　　　　*and Proposed Liaison Counsel*


　　　　　　　　　　　　　　　　　　　　　　/s/ James M. Wilson
　　　　　　　　　　　　　　　　　　　　　　Nadeem Faruqi
　　　　　　　　　　　　　　　　　　　　　　James M. Wilson, Jr.
　　　　　　　　　　　　　　　　　　　　　　**FARUQI & FARUQI, LLP**
　　　　　　　　　　　　　　　　　　　　　　685 Third Avenue, 26th Fl.
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10017
　　　　　　　　　　　　　　　　　　　　　　Telephone: 212.983.9330
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 212.983.9331
　　　　　　　　　　　　　　　　　　　　　　Email: nfaruqi@faruqilaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　jwilson@faruqilaw.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff David Schwartz*

/s/ Richard A. Acocelli
Richard A. Acocelli
Michael A. Rogovin
Kelly C. Keenan
**WEISSLAW LLP**
1500 Broadway, 16th Floor
New York, New York 10036
Telephone: 212.682.3025
Facsimile: 212.682.3010
racocelli@weisslawllp.com
mrogovin@weisslawllp.com
kkeenan@weisslawllp.com

*Counsel for Plaintiff Henry Jacobs*


/s/ Brian D. Long
Brian D. Long
Gina M. Serra
**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: 302.295.5310


/s/ Richard A. Maniskas
Richard A. Maniskas
**RM LAW, P.C.**
1055 Westlakes Drive, Suite 3112
Berwyn, PA 19312
Telephone: 484.324.6800

*Counsel for Plaintiff Louis Scarantino*


/s/ Elizabeth K. Tripodi
Donald J. Enright
Elizabeth K. Tripodi
LEVI & KORINSKY, LLP
1101 30th Street, NW
Suite 115
Washington, DC 20007
Telephone: 202.524.4290

7

Facsimile: 202.333.2121

*Counsel for Plaintiff Ryan Sheahan*


*/s/ Brian J. Lamb*
Brian J. Lamb (0055447)
Brian.Lamb@ThompsonHine.com
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: 216.566.5590
Facsimile: 216.566.5800

*Counsel for Defendants Sparton Corporation, Joseph J. Hartnett, Alan L. Bazaar, James D. Fast, John A. Janitz, Charles R. Kumeth, David P. Molfenter, James R. Swartwout and Frank D. Wilson*


SO ORDERED this _____5___ day of _Sept._, 2017


  s/ Dan A. Polster
_____
UNITED STATES DISTRICT JUDGE